In the Matter of FRANK CORRY, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR (1) to annul a determination by respondent New York City Transit Authority, dated June 12, 1970, which, after a hearing, dismissed petitioner from his position as Railroad Clerk as of June 10, 1970, (2) to direct said respondent to send written notification to respondent Retirement System that petitioner was not dismissed as of June 10, 1970 or at any time prior to the effective date of his retirement application and (3) to direct respondent Retirement System to provide petitioner with the pension benefits to which his retirement application, effective June 20, 1970, entitle him, petitioner appeals from a judgment of the Supreme Court, Kings County, entered January 27, 1971, which denied the application and dismissed the proceeding. Judgment reversed, on the law and in the interests of justice, without costs, and application granted to the following extent: the determination of respondent New York City Transit Authority, dated June 12, 1970, dismissing petitioner from his position as Railroad Clerk as of June 10, 1970, is annulled, and the matter is remanded for a hearing de novo before the Authority, conditioned upon (a) the filing by petitioner with the Retirement System (with copy to the Authority) of a written notice withdrawing the retirement application filed by him on May 21, 1970 and (b) his refraining from filing any further application for retirement until after the matter shall have been heard and determined de novo by the Authority. In the event petitioner fails to comply with these conditions, the judgment is affirmed, without costs. Petitioner's time to file such notice withdrawing his application is hereby extended until 10 days after service of a copy of the order to be entered hereon, with notice of entry. On May 20, 1970, petitioner was suspended pending a hearing on charges which were later specified in writing and served upon him on June 1, 1970, together with a notice of hearing to

be held on June 10, 1970 or at a later date to be fixed by the Authority. On May 21, 1970, petitioner filed an application for retirement to take effect at the end of the 30-day statutory period, to wit: June 20, 1970. Petitioner was unable to appear on June 10 because of illness. In view of the imminence of the effective date of his retirement and his knowing failure to withdraw his application therefor, the hearing Referee properly, albeit reluctantly, proceeded with the hearing on June 10, 1970, without petitioner being present. Following a finding of guilt, the Referee recommended petitioner's dismissal, with the further recommendation that, upon his recovery, petitioner be permitted to apply for a hearing *de novo* and, if the charges not be sustained by the evidence adduced upon such *de novo* hearing, his dismissal should be vacated. It is clear that, but for the hearing of the charges and the dismissal of petitioner prior to the effective date of retirement, petitioner would have been entitled to his pension (Administrative Code of City of New York, § B3–36.6, subd. e, par. [5] [a]). Moreover, petitioner, through his counsel on this appeal, has consented to withdraw his retirement application. Under the circumstances, and in the light of the Referee's recommendation to that effect, it is our view that the interests of justice would best be served if petitioner were accorded a hearing *de novo* upon his compliance with the conditions herein imposed. Rabin, P. J., Munder, Martuscello, Latham and Benjamin, JJ., concur.